May Term,
1853.

REECE *v.* HOYT.

REECE
v.
HOYT.

When a partner sells to a stranger his interest in the partnership goods, the stranger cannot, on refusal of the co-partner on demand to admit him as a partner, maintain replevin for the goods.

The sale by a partner of his interest in the partnership effects, dissolves the partnership, and the partner who has not disposed of his interest, has a right to the possession of the effects for the purpose of settling up the partnership, and the purchaser cannot interfere unless for good cause shown.

APPEAL from the *Randolph* Circuit Court.

Monday,
May 30.

PERKINS, J.—Replevin by *Thomas W. Reece* against *Beniah C. Hoyt*, for a lot of goods. Pleas, the general issue; property in the defendant; property in the defendant and one *Patty*, as partners. Replications severally to the second and third pleas, denying that the property was in the defendant, and that it was in the defendant and one *Patty*, and re-affirming that it was in the plaintiff.

Trial by jury, verdict for the defendant, motion for a new trial overruled, and judgment on the verdict, and for a return of the property.

The evidence is upon the record, and shows that *Hoyt* and *Patty* were partners in a clothing store; that *Patty* sold his interest in it, without *Hoyt's* consent, to the plaintiff *Reece;* that *Reece* demanded to be admitted as a partner in the place of *Patty*, and that *Hoyt* refused to admit him; whereupon *Reece* brought replevin for the stock of goods in *Hoyt's* hands.

The sale in this case by *Patty* of his interest in the partnership, was a dissolution of the partnership, as between the partners; and the remaining partner, *Hoyt*, could not be compelled to receive a stranger as a partner with him; for partnership is founded on personal confidence. Coll. on Part., Perk. ed., p. 96, n. 1.

Upon a dissolution of a partnership, the surviving or continuing member of it has a right to the possession of the effects of the concern for the purpose of settling it up; see *McDonald* v. *Beach*, 2 Blackf. 55; and that, too,

May Term, 1853.

REECE
v.
HOYT.

without interference, unless for good cause shown, on the part of such as may have purchased the shares of retiring partners. In the case of *McGlesney* v. *Cox*, Phil. Law Reg., vol. 1, p. 34, a court of equity refused an injunction and the appointment of a receiver on the application of such a purchaser, where no cause was shown but the refusal of the continuing members to permit him to interfere in the affairs of the concern. The Court say:

"Whatever may be the rights of a partner upon the dissolution, it is clear that he cannot transfer to a stranger his interest in the partnership, and thereby introduce him into the concern as a partner. (*Mason* v. *Connel*, 1 Whar. 381.—*Cochran* v. *Perry*, 8 W. and S. 262.—*Horton's* Appeal, 1 Harris 67). Can he, then, by a transfer, convey to a stranger those rights which he possesses only because he is a partner? The stranger thus coming into the concern may be entitled to use appropriate means to ascertain the situation of the partnership; he may demand an account, and, perhaps, an immediate settlement; but, not being a partner, he has no right personally to interfere, and the refusal of the remaining partners to permit him to do so, is no sufficient reason for depriving them of any rights to which their position entitles them. The remaining partners, after a dissolution thus effected, are entitled to hold possession for the purpose of paying off the debts and winding up the assets of the firm, (1 Harris 67); and in a case *where no improper conduct is charged* in the complainant's bill, and where everything like mismanagement is fully refuted by the counter affidavits presented, and where it further appears that the complainant has had further opportunity to investigate the situation of affairs, and to ascertain the value of the interest claimed by him, it would be a harsh exercise of the power of the Court to deprive parties of their rightful control over their own property, without some more efficient cause shown than appears in the present case."

*Per Curiam.*—The judgment is affirmed with costs.

*T. J. Sample*, for the plaintiff.

*D. Kilgore*, for the defendant.