FREDERICK A. FUNCK & another *vs.* JOHN HASKELL.

Bristol. Oct. 27, 1881. — May 6, 1882. MORTON, C. J., W. ALLEN & C. ALLEN, JJ., absent.

A written agreement stated that A. and B. had entered into a partnership, and had agreed to employ C. as treasurer, who was to receive for his services as such " ten per cent on the business;" that C. was to be allowed to furnish capital for the firm; and that the profits and losses were to be divided among all of them. On a bill in equity brought by A. and B. against C. to settle the affairs of the partnership, it was found as a fact that the three parties were partners. *Held,* that " ten per cent on the business " meant ten per cent of the profits of the business.

BILL IN EQUITY, by Frederick A. Funck and William H. Haskell against John Haskell, to settle the affairs of a partnership, which was alleged to have been carried on from March 23, 1874, to January 3, 1876, under the following articles:

" We the undersigned Frederick A. Funck and William H. Haskell of Fall River in the county of Bristol and State of Massachusetts, do hereby agree to enter into copartnership for the purpose of doing roofing business and such other business as may seem expedient, under the name of the Bristol County Roofing Company in the following manner to wit; by employing John Haskell as treasurer to buy stock and tools, collect and pay out monies as the case may be. Keep the books, which may be open for the inspection of either parties at all sutable times, and receive for his services ten (10) per cent on the business and seven (7) per cent interest on the capital furnished by him, Either of the parties may furnish capital if they choss at seven (7) per cent. And Frederick A. Funk and William H. Haskell shall faithfully attend to the work and render a strict account to the treasurer each night of their doings, that it may appear on the

book each night or week, and receive for their labor weekly twenty (20) cents per hour for services rendered providing (after paying debts) there are sufficient funs on hand, on and after settlements of all demands the profits to be divided losses to be sustain as followin to wit, John Haskell on third, and the other two thirds divide between F. A. Funk and W. H. Haskell according to the number of hours severly work by them.

" F. A. Funk.

W. H. Haskell."

The case was referred to a master, who found that the plaintiffs and the defendant were partners; that the defendant was indebted to the plaintiffs in a certain sum; to which latter finding the defendant filed exceptions. At the hearing, these exceptions were overruled, and a decree was ordered for the plaintiffs in the sum found due by the master; and the defendant appealed to the full court. The facts material to the point decided appear in the opinion.

*E. L. Barney*, for the plaintiffs.

*J. M. Morton*, ( *W. H. Peirce* with him,) for the defendant.

ENDICOTT, J. It is difficult to give any construction to this obscure and illiterate agreement, which does not seem to be in conflict with some of its provisions. It begins with the statement that the two plaintiffs only have entered into a partnership and have agreed to employ John Haskell as treasurer, and makes provision for the payment of his services. It then proceeds to allow John Haskell to furnish capital for the firm, and provides for the division of profits and losses among all of them as if partners. The master has found that both the plaintiffs and the defendant were partners, and no exception is taken thereto.

In determining whether the " ten per cent on the business," which John Haskell is to receive for his services as treasurer, means ten per cent on the profits, or ten per cent on the whole amount of the business, we are to bear in mind that John Haskell is a partner, and all the provisions which relate to the amounts he is to receive are provisions touching his share as a partner. Ordinarily, such share would of course come out of the profits, in the absence of express words showing that he was to have payment made to him in any other way. The language

" ten per cent on the business " thus used in articles of copartnership, and as indicating the portion of the share one partner is to receive, do not necessarily mean ten per cent of the whole business, if such meaning is inconsistent with other provisions of the articles and the evident purpose for which they were formed. They cannot mean that John Haskell is to have ten per cent of the gross amount of the business absolutely, as if he were a stranger to the firm, because, if there are no profits, but on the contrary large losses, John Haskell might have to pay back the whole or a part of the money so received.

And we are of opinion, taking all the provisions together, and in view of the fact that they were partners, and that John Haskell is to take his chance of the losses, that the fair construction of the clause " ten per cent on the business," means ten per cent of the result of the business of the partnership, that is, ten per cent of the profits. This view is in accordance with the practical construction put upon the contract by the parties.

*Decree affirmed.*