## POWELL *vs.* MOORE, MARSH & COMPANY.

1. If one person contributed for the use of another a dwelling-house and store-house and $200, and the second person contributed $200 towards the business to be conducted, and the latter devoted his time and attention thereto, and no agreement was made as to the rent of the houses or interest on the money contributed by the former, and no time for repayment to him was fixed, but he was to be repaid by receiving one-half of the profits, as profits, and not as compensation for the use of the houses and money, nor as a measure of the value of them for rent or interest, this constituted a partnership as to third persons.

(*a*) The intimation in *Huguley vs. Morris & Tumlin*, 65 *Ga.* 666, to the effect that the code changed the rule upon this subject, was *obiter dictum.*

2. Although one of the parties stated that he rented the store and dwelling and loaned $200 to the other, for which he was to receive one-half of the profits of the business, and the other party called this a contribution instead of a loan, but there was no conflict as to the terms of the agreement between them, there was no error in stating to the jury that it was unnecessary to charge them on the subject of a conflict of evidence, or upon the credibility of witnesses.

3. There was no error in refusing to exclude testimony relating to a fraud practiced upon the plaintiffs in a compromise of their debt with one of the parties, and testimony tending to show that they did not know that the other was a partner at the time of the compromise, and that the compromise was made because of the belief that the party with whom it was made was insolvent, or unable to pay his debts in full. Such evidence was admissible in reply to testimony introduced by the defendant to sustain a plea of payment.

4. There was no error in charging that "upon the supposition that you might find that the account is justly due, a verdict in favor of the plaintiffs would then be rendered."

October 26, 1887.

Partnership. Landlord and Tenant. Charge of Court. Evidence. Before Judge RICHARD H. CLARK. Fulton Superior Court. March Term, 1887.

The facts of this case, besides those stated in the decision, will be found in the second, third and fourth head-notes.

W. A. TURNER; BIGBY & DORSEY, for plaintiff in error.

E. A. ANGIER; H. C. ERWIN, for defendants.

SIMMONS, Justice.

Moore, Marsh & Co. brought suit upon an open account against Marbut & Powell, "a firm composed of S. P. Marbut and William Powell," doing business under the firm name and style of S. P. Marbut. George Powell filed a plea of general issue, and a special plea that at the time the goods were bought from Moore, Marsh & Co. by Marbut, he was not a partner of Marbut, nor was he at any time before or since. On the trial of the case the jury returned a verdict for the plaintiffs against both of the defendants. The defendant Powell made a motion for new trial on the several grounds stated in the motion, which was overruled by the court below, and Powell excepted.

One of the grounds of exception, and the one relied on for reversal in this court, is the fourth ground of the motion, which is as follows: Because the court erred in charging the jury as follows, to-wit: "If you believe from the evidence that the defendant, Mr. Powell, contributed for the use of Marbut a dwelling-house and a store-house, and also contributed the sum of two hundred dollars, whether it be called a loan or otherwise, and that on the other side Mr. Marbut put in two hundred dollars towards the same business, and devoted his time solely to the attention of that business, and this Mr. Powell looked for compensation to such profits as might be made, whether

they be great or small, and that there was no stipulation, when he advanced the money, as to the interest he was to receive upon it, or what he should be allowed for the rent, that, gentlemen of the jury, in law would make him a partner with Mr. Marbut in the transaction which you have been investigating." The exception to this charge is, that it was not the legal definition of a partnership, such a state of things not necessarily making a partnership.

Under the facts in the case as stated by the judge in his charge, and as disclosed by the record, was Powell a partner of Marbut as to third persons? We think that he was. He owned the dwelling-house and the store-house; they were unoccupied and bringing him no rent. He proposed to Marbut that, if Marbut would open a store at that place, he would contribute, furnish, or put in the rental, and share the profits with him. Subsequently he agreed to put in two hundred dollars. Nothing was said between them as to the amount of the rent of the two houses, nor as to the rate of interest to be paid, or whether any interest was to be paid. Nor was anything said between them as to when the rent was to be paid, or as to when the two hundred dollars was to be returned, or the interest thereon. Marbut put in two hundred dollars also, and was to give his time and services. Powell and Marbut both agree that Powell was to have one-half the profits for the use of his houses and his money.

It is contended by the plaintiff in error that these facts do not show that Powell had either a joint interest in the property, or a joint interest in the profits and losses of the business, but a common interest in the profits alone, and that having the latter interest alone would not make him a partner. It is therefore necessary to determine, under the facts of this case, whether his interest was joint or common in the profits of the business, within the meaning of the code. It is not necessary in every case, to constitute a partnership, that there must

be an agreement to share the profits and losses. There may be a partnership when there is no community of property, no agreement to share in the losses and profits, and no community of losses. If there is an agreement that one of the parties shall receive a proportion of the net profits of the business, as profit for money advanced, for its use, or property furnished for its use, that will constitute a legal partnership as to third persons. The true distinction by which we are to distinguish cases of this kind, is to ascertain whether the person furnishing money or property for the use of the business is to receive a share of the profits as profits, or whether the profits are relied on only as a fund for payment, or whether the profit to be received is certain and defined as to amount, or is casual, indefinite and dependent on the accidents of trade. In the former case it is a loan ; in the latter it is a partnership. So it is laid down by Kent that the test of partnership is a community of profit, a specific interest in the profits as profits, in contradistinction to a stipulated portion of the profits as a compensation.

Judge NISBET, in *Buckner vs. Lee*, 8 *Ga.* 289, says: "It is clear that, if one receive a certain proportion of the profits, as one-third or one-half, as profits, he is a partner. If a certain sum is agreed to be paid out of the profits, and the party does not look to that alone for payment, he is not a partner. But if the sum to be paid is not fixed, but may be increased or diminished by the amount or accident of the business, then the receiver is a partner." The same doctrine was held in the case of *Berry vs. Butt*, by Judge LUMPKIN, in 14 *Ga.* 699. In *Dalton City Company vs. Dalton Manufacturing Company*, 33 *Ga.* 243, Judge Jenkins held that: "Though an agreement between two parties concerning a particular business, in which real estate belonging to one of them is to be used, be denominated 'a lease,' and the fruit to accrue to the owner of such estate be called 'rent,' yet if it appear that such fruit is to come only from the

'net profits' of the business, and is not to exceed a certain proportion of them, the parties will in law be regarded as partners."

In the case of *Sankey & Shorter vs. Columbus Iron Works*, 44 *Ga.* 228, Judge McCay, in a well considered opinion, commenting on section 1890 of the code, says: "The language is, that a joint interest in the profits and losses makes a partnership, but a common interest in the profits does not. If the interest is the interest of an owner, if there be a joint seizure, if the person whose interest is in question has a right, as such owner, to dispose of the profits, then there is a partnership, if the parties be seized *per my et per tout.* If one may dispose of or control the profits as much as the other, then there is a joint interest. But if the party whose interest is in question have only a 'common interest' in the profits with the other; that is, if he have no title jointly with the other; if his position be that of a mere employé, with no right of control as owner over the profits, but only with a common interest in them, that is, interested in common with the other in their increase or decrease, because they measure the amount of his wages, then he is not a partner." It will be observed that in the same opinion he says, that it was not intended by the code to change the common law upon this subject.

In *Camp vs. Montgomery*, 75 *Ga.* 797, Judge Hall, after quoting from Parsons on Partnership, where he says that the weight of authority, as well as reason, seems to be decidedly in favor of the rule that there may be a legal and valid partnership, although one or more of the parties are guaranteed by the others against loss, adds : "And, notwithstanding the last clause of section 1890 of our code, that a common interest in profits alone does not constitute a partnership, the rule seems to be the same in this State." He adopts the language of McCay in 44 *Ga.*, that the code does not change the well-settled rule upon this subject. It is true that there is an intimation by Judge Jackson, in

*Huguley vs. Morris & Tumlin*, 65 *Ga.* 666, that the code changed the common law rules upon this subject, but a careful reading of the opinion will show that it was *obiter*, and that the court put the decision of the case upon a different ground. Besides, we have seen that the opinion in 44 *Ga.* was approved in 75 *Ga.*, Judge JACKSON being on the bench, and not dissenting.

These being the rules of law, and the facts of this case being applied to them, they constitute Powell a partner of Marbut as to third persons. The facts show, as already stated, that he contributed the use of two houses and $200 to the business; that no agreement was had as to the amount of the rent or price of the money; that no time was fixed for the payment of the rent or of the money; but he was to be repaid by receiving one-half the profits, as profits; not as compensation for the use of the houses and money, nor as a measure of the value of them for rent or interest, but as profits in the business of the concern. He had a right to control or dispose of his interest at any time he saw proper. He had a joint title in the profits with Marbut. He could have forced Marbut to account at any time for his share of the profits of the business. These things being so, we hold that he was a partner as to third persons, and that there was no error in the charge of the court below.

2. We see no error in the charge complained of in the fifth ground of the motion. There was no necessity to charge about the conflict in the evidence when there was none upon the main issue in the case. There is no conflict in the statements of Powell and Marbut as to the terms of the agreement between them about the houses and money. Powell says: " I rented Marbut the store, dwelling, and loaned him $200. For all this he was to pay me one-half the profits of the business." Marbut says substantially the same, calling it a contribution instead of a loan. There was then no conflict upon the issue in the case, and the court did not err in charging as he did.

3. There was no error in the court in refusing to exclude' the evidence set out in the 7th ground of the motion. It was admissible by way of replication to the evidence adduced by defendant to sustain his plea of payment.

4. There was no error in the charge complained of in the 8th ground.

Judgment affirmed.