### MACDONALD v. TROJAN BUTTON-FASTENER CO. *et al.*

(*Supreme Court, General Term, Third Department.* May 26, 1890.)

1. PARTNERSHIP—DISSOLUTION—RIGHTS OF PARTNERS INTER SE.

A transfer, after notice of dissolution, by two members of a firm, of all the firm. property, to a corporation organized by them for the purpose of continuing the business under a new arrangement, cannot affect the rights of a remaining partner who does not consent thereto; and he is thereafter entitled to the exclusive control of all the firm property for the purpose of winding up the partnership business. Affirming 9 N. Y. Supp. 383.

2. SAME—APPOINTMENT OF RECEIVER.

In such a case, a receiver of the firm's property will not be appointed unless the remaining partner neglects to perform, or improperly performs, his duty of closing up the business as expeditiously as may be, with due regard to the interests of all concerned.

Appeal from special term, Rensselaer county.

John A. Macdonald, Albert W. Ham, and Arthur M. Wight were engaged in business as partners under the firm name of the "Trojan Button-Fastener Company." Notice of dissolution was given, and, before the partnership business was closed up, Ham and Wight, in conjunction with one Patterson and others, united in forming a corporation styled "Trojan Button-Fastener Co., Incorporated," for continuing the business, and said Ham and Wight transferred all the property of the firm to the corporation. This action was brought by said Macdonald for an injunction against Ham, Wight, the corporation, Patterson, and others; and judgment was rendered giving plaintiff exclusive control of the firm property, and enjoining defendants from interfering in any way therewith. Defendants then moved to dissolve the injunction, and for the appointment of a receiver of the firm property, and now appeal from the orders denying their motions. For report of decision at special term, see 9 N. Y. Supp. 383.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*N. C. Moak* and *R. A. Parmenter*, for appellants. *Nelson Davenport*, for respondent.

LEARNED, P. J. There are two appeals before us in this case. The first is from the injunction order granted by Mr. Justice FURSMAN; the second, from the refusal to appoint a receiver in the motion made before Mr. Justice EDWARDS. Upon a consideration of all the facts before us, we think that the injunction order was properly granted, and should be affirmed, with costs.

In regard to the refusal to appoint a receiver, the court required the plaintiff to give security to the amount of $20,000. The court probably considered that the plaintiff, being one of the partners, should, under the circumstances, be allowed to close up the partnership business on giving proper security. The defendants, however, insist that they could not, with any convenience, control the action of the plaintiff in such closing up of the business, if he should not act properly; that if a receiver were appointed, his action would be under control of the court. We might, perhaps, appoint the plaintiff receiver, and thus obviate the defendants' objection to the present situation. But there might be this difficulty, viz., that, on any sale of the partnership property made

by the plaintiff in his capacity of receiver, he would be unable to be a purchaser in his private capacity. He would, therefore, be unable to protect himself against loss on such a sale. Having this in consideration, we think it will be best not to appoint the plaintiff receiver, and not at the present time to appoint any receiver. The partnership is ended, and it remains now the duty of the plaintiff, in whose control the property is, to close up the business as expeditiously as may be, with due regard to the interests of all concerned.

In case the plaintiff shall neglect to perform this duty, or shall perform it improperly, it will be the privilege of the defendants to move again, on showing such facts, for the appointment of a receiver. Each of the orders appealed from is affirmed, with $10 costs and printing disbursements, but with the privilege to defendants, on showing plaintiff's neglect of duty in closing up the partnership, to renew the motion for the appointment of a receiver, and with privilege, also, to the plaintiff to make the same motion. All concur.