### DETERMINED IN THE

# SUPREME COURT

### OF

# WASHINGTON

[No. 6591. Decided March 19, 1907.]

EDWARD BELCH, *Respondent*, v. BIG STORE COMPANY, *Appellant.*[1]

APPEAL—REVIEW—VERDICTS—CONFLICTING EVIDENCE. Where a contract was executed in duplicate and both copies left with the attorney who drew the papers, the verdict of the jury upon an issue as to whether the contract was completed, or was to be delivered in a certain event, is conclusive where the evidence was conflicting.

CORPORATIONS—REPRESENTATION—AUTHORITY OF MANAGER—PLEADING. In an action upon a contract executed by the manager of the defendant corporation, an answer alleging that the signing and whatever was done in the matter was done by the corporation by its manager, admits that the manager was authorized to make the contract for the corporation, and no proof thereof is required.

PARTNERSHIP—CONTRACTS—SHARE IN PROFITS. A partnership relation is not necessarily established by a contract employing one to conduct its plumbing and tinning business for the compensation of four dollars a day and one-half of the net profits.

DAMAGES—BREACH OF CONTRACT—PROSPECTIVE PROFITS. In an action to recover damages for breach of a contract to employ a plumber for one year to conduct the defendant's plumbing business, at the agreed compensation of $4 per day and one-half the net profits of the business, the plaintiff is entitled to substantial damages for prospective profits, and a verdict of $400 will not be disturbed where there was evidence that the business was the continuation of an established business, which had not been conducted at a loss, and of other circumstances affecting the subject.

[1]Reported in 89 Pac. 174.

Appeal from a judgment of the superior court for Kittitas county, Gilliam, J., entered June 23, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages for the breach of a contract of employment. Affirmed.

*Pruyn & Felkner*, for appellant

*Hovey & Hale* and *Graves & McDaniels*, for respondent.

HADLEY, C. J.—This is an action for damages for alleged breach of contract. The plaintiff alleges that the contract was reduced to writing. The terms of the writing upon which plaintiff relies are admitted by the defendant, and the essential parts thereof are as follows:

"This agreement made and entered into this 29th day of December, 1905, by and between the Big Store Company, a corporation of Ellensburg, Washington, party of the first part hereof, by its manager George R. Bradshaw, and Edward Belch, of Ellensburg, Washington, party of the second part; Witnesseth: That said first party hereby employs said second party for the term of one year from this date, to manage and conduct and work at the business of plumbing and tinning for the said first party, and to attend to and do whatever business in either one of said lines of business there may be done at the plumbing establishment of said first party or elsewhere for it during said time. The financial part of said business is to be managed and controlled by said first party. The mechanical part of said business and the matter of ordering and receiving stock for said business, and of making contracts for said business in the line of work to be done and material furnished, is to be under the direction and control of said second party. The tools and stock now on hand in said business of said first party is to be invoiced and turned over to said second party. Said second party is to receive as full compensation for his services under this agreement, out of the profits of said business, the sum of four dollars per day, and one half of the net profits of said business over and above said sum of four dollars per day. At the termination of the term of this agreement said second party will deliver to said first party all of the goods and tools be-

longing to it which shall have come into his possession under this agreement, and said parties hereto will then invoice the same."

The above instrument was signed by the plaintiff, and also by George R. Bradshaw, the manager of the defendant corporation. The defendant alleges that the instrument was never delivered, and that it never became a contract. At the time it was drawn and signed, it was left with Mr. Felkner, the attorney who drew it for the parties. The instrument was drawn and signed in duplicate, one copy being prepared for each of the parties.

The plaintiff alleges that the attorney in all things pertaining to the preparation of the writing was acting for both parties, and that the papers were left with him temporarily, one copy being held for the plaintiff and the other for the defendant. The defendant, upon the other hand, alleges that the agreement was not to become operative and was not to be delivered to either of the parties, in any event, until after the next regular annual election of officers for the defendant corporation, which election was to take place on or about the first Monday in January, 1906; that if the said Bradshaw should be re-elected manager of the defendant corporation, then, in that event, the drafts of the agreement signed and left with Mr. Felkner should not be delivered to either of the parties by him; that if said Bradshaw should not be elected manager of the corporation at said election, then the agreement should be delivered upon the joint request of the parties, on copy thereof to each of them; that said Bradshaw was elected manager, and said agreement was never delivered but that it is wholly inoperative. The draft of the written agreement was prepared and signed on December 29, 1905, and the plaintiff avers that it was but the modification of an agreement which had in substance existed between the parties, and under which they had operated for some time prior to said date. It is also averred that about January 6, 1906, the defendant repudiated its said agreement and an-

nounced to the plaintiff that it would no longer carry out its terms in any respect. This suit was brought in the same month, and the complaint alleges the damages resulting from the breach to be in excess of $3,000. The cause was tried before a jury, and a verdict was returned in favor of the plaintiff in the sum of $400. Judgment was entered for said sum, and the defendant has appealed.

It is contended by the appellant that the contract never became operative, because the writing was never delivered. The testimony upon this subject is in sharp conflict. The respondent testified that the contract was completed at the time of the signing, and that the copies were left with Mr. Felkner for the respective parties, simply because appellant's manager requested that they be so left, so that nothing might have to be said about the agreement until after the election of officers of defendant company, which would occur in a few days. He testified, however, that the agreement became in all respects a completed one immediately after it was signed. The jury evidently gave credence to respondent's testimony, and since by their verdict they have found that the contract was completed, that has become an established fact in the case. There was ample evidence to support the jury's finding, and it was their province to determine whose testimony was entitled to the greater weight.

It is next urged that the contract is not one which can be enforced, for the reason that no evidence shows authority for the manager of the appellant corporation to make such a contract. Under the pleadings that question is not in the case. Appellant's answer avers: "The said plaintiff and the defendant corporation by its manager had drafted a certain agreement relative to said plaintiff working for said corporation defendant, which said agreement was signed by the plaintiff and the said defendant corporation by its manager George R. Bradshaw." Thus under appellant's own allegation it is expressly stated that whatever was done about the making of the contract was the act of the corporation through its manager.

It is further argued that the contract is not within the corporate powers, for the reason that it establishes a partnership between the corporation and the respondent which, it is urged, cannot be done without special authority in the articles of incorporation. A contract entered into by a corporation is presumed to be within the corporate powers unless the contrary appears, and the burden of proof is upon the one who attacks the contract as *ultra vires*. 1 Clark & Marshall, Private Corporations, § 174. We think the contract shows no more than an employment of respondent to conduct the plumbing and tinning business of appellant, and such an employment was certainly competent. There is certainly nothing before us to show that appellant was not empowered to engage in that business. The very terms of the written contract are that appellant "employs" respondent for the term of one year "to manage and conduct and work at the business of plumbing and tinning." The mere fact that the amount of respondent's compensation was to be regulated by the amount of profits from that part of the appellant's business did not necessarily establish the partnership relation.

"Under the modern doctrine of partnership, persons are not liable as partners to third persons, although they share the profits of a business, unless they are in fact partners *inter se* or have held themselves out as partners under such circumstances as to estop them from denying their partnership. The celebrated case of *Cox v. Hickman* was the beginning of this doctrine, though the true rule seems to have been recognized in a few earlier cases in the United States. In this case it was decided that persons who share the profits of a business do not incur the liabilities of partners unless that business is carried on by themselves personally or by others as their real or ostensible agents. It was at once the end of the old theory of partnership and the starting point of a new doctrine. It put an end to two notions which had theretofore been regarded as fundamental: first, that third persons may hold to the liability of partners those who in fact are not partners, merely because some other relation exists between them; and, second, that participation in the

profits of a business is conclusive of a partnership." 22
Am. & Eng. Ency. Law (2d ed.), p. 20.

See, also, numerous cases cited to support the last statement
in the text.

It is next argued that the evidence as to prospective profits
from the contract was insufficient to establish a basis for
recovery. The verdict has established that there was a con-
tract, and it is not disputed that if there was a contract,
there was a breach thereof. Certainly respondent was en-
titled to recover at least nominal damages. It is true his
compensation was dependent upon the realization of the
profits, but shall he be prevented from recovering substantial
damages merely because the amount of profits cannot be ac-
curately known, and that too because he was prevented from
performing the contract by the wrongful act of appellant?
When a contract of this kind has been broken, it is never
possible to exactly determine what would have occurred if the
contract had been carried out. But justice requires that the
wronged party shall not be deprived of substantial redress.
The amount of such profits must therefore be determined by
the jury from all the tangible evidence upon the subject. Of
course, the evidence should be sufficiently tangible and rea-
sonable to afford a rational basis for recovery. "The re-
covery must, of course, be limited to the amount which, from
all the surrounding conditions, may be deemed to have been
reasonably certain had the breach not occurred." *Federal
Iron & Brass Bed Co. v. Hock*, 42 Wash. 668, 85 Pac. 418.
We think the evidence was sufficient to warrant the recovery
of $400, the amount of the verdict. The business that re-
spondent was to conduct was to be by way of a continuance
of a plumbing and tinning business that had been thereto-
fore for a long time conducted by Mr. Hornbeck, one of ap-
pellant's trustees. The appellant was to succeed to that
business, and it was to become merely one department of
appellant's business, which department respondent was em-
ployed to manage. It was not shown that Mr. Hornbeck

had conducted the business at a loss.   He had conducted it through a foreman whose compensation had been paid from the proceeds of the business.   The regular plumbers' scale of wages was shown to be $4 per day, and that was the per diem respondent was to receive.   The jury were justified, under these circumstances, and others appearing in evidence, in finding for respondent the sum returned by them.

A number of errors are assigned upon the rulings of the court during the introduction of testimony, and upon instructions given and refused.   We do not think appellant was prejudiced in these particulars, and a detailed discussion of them would require more space than their importance demands.

Finding no error, the judgment is affirmed.

FULLERTON, MOUNT, CROW, ROOT, and DUNBAR, JJ., concur.