[No. 9791. Department One. November 18, 1911.]

J. E. STYERS, *Appellant,* v. STIRRAT & GOETZ INVESTMENT COMPANY, *Respondent.*[1]

PARTNERSHIP—CONTRACTS — CONSTRUCTION — EXISTENCE OF RELATION. A contract reciting that a construction company "employs" the second party as general manager for the erection of the structural steel on a building, is one of partnership and not of employment, where the second party was to advance certain money to meet the pay roll, the return of which was contingent on the profits of the business, was to have full control of the work, to receive the same per diem compensation as other parties engaged on the work and to share equally the net profits on the job.

Appeal from a judgment of the superior court for King county, Tallman, J., entered June 9, 1911, in favor of the defendant, after a trial on the merits before the court without a jury, in an action to foreclose a mechanics' lien. Affirmed.

*McLean & Balliet,* for appellant.

*Charles A. Riddle,* for respondent.

PARKER, J.—The plaintiff commenced this action in the superior court for King county, to foreclose a lien claimed by him for labor performed in the construction of the Northern Bank and Trust building in Seattle. A trial upon the

[1]Reported in 118 Pac. 896.

merits resulted in the denial of foreclosure and dismissal of the action. From this disposition of the cause, the plaintiff has appealed.

The controlling facts are not in dispute. On October 11, 1909, A. A. Gordon and F. W. White, copartners as Gordon, White & Company, entered into a contract with respondent by which they agreed to erect a certain portion of the structural steel work of the building. Being in need of money with which to prosecute the work, they entered into an agreement with appellant as follows:

"This agreement, made on this 4th day of November, 1909, at Seattle, Washington, by and between Gordon, White & Co. of Seattle, Washington, party of the first part, and J. E. Styers of the same place, the party of the second part, witnesseth:

"That, whereas, on the 11th day of October, 1909, in Seattle, Washington, the said Gordon, White & Co. entered into an agreement in writing with Stirrat & Goetz Investment Company of Seattle, Washington, for the erection of the steel for the five top stories of the Northern Bank & Trust building, on the northeast corner of Westlake avenue and Pike street, in Seattle, Washington, which is hereafter called and known as job No.................; and

"Whereas, the said contract provides that the entire time consumed in the construction and erection of said steel is not to exceed twenty-five working days, and

"Whereas, under said contract, the said Gordon, White & Co. is to receive the sum of $12.50 per ton as compensation therefor; and

"Whereas, the said Gordon, White & Co. has agreed to pay all labor in connection with the erection of said steel for and during the first two weeks thereof and show receipted bills therefor, etc.; and

"Whereas, the said Gordon, White & Co. is unable conveniently to advance said money for the pay roll during the first two weeks in connection with the prosecution of the said contract,

"Now, therefore, for and in consideration of the premises, and for and in consideration of the money to be *advanced* by the said second party as hereinafter provided, the said first

party hereby *employs* said second party hereto as general manager in erecting the structural steel of the five top stories of the Northern Bank & Trust building hereinafter mentioned, hereby granting second party hereto full power and authority to employ and discharge all laborers in connection with said work, and to pay, during the first two weeks in the prosecution of said work, all the men employed thereon at the end of each week thereof with money to be advanced by him not to exceed $800; and the second party is to receive as compensation for his managing said work the sum of $5 per day during the entire period necessary to completely erect said structural steel on the said five upper stories of the building before mentioned, and the second party agrees to and with the first party to devote his time and be present on the premises during the working hours of the days necessary to erect said structural steel; and it is also agreed that the parties of the first part will receive for their respective compensation upon above work the sum of $5 per day.

"It is further agreed that the second party shall receive as remuneration for the money to be by him *advanced* not to exceed eight hundred ($800) dollars, for the purposes hereinabove stated, fifty per cent of the net profits arising out of and coming to the first parties under their contract with Stirrat & Goetz Investment Company under date of October 11, 1909; and, for the purpose of arriving at the net profits, there shall be deducted from the sum of $12.50 per ton of steel to be erected, all the wages for labor and material necessarily bought for the job, other incidentals, if any, and the sum of $5 per day for each and every one of the parties to this agreement for every day actually employed on the job.

"It is hereby mutually agreed that all of the work herein mentioned shall be done and performed in accordance with the terms and conditions of that certain contract hereinbefore mentioned between the first party hereto and Stirrat & Goetz Investment Company; and all the conditions, provisions and terms of said last mentioned contract shall be applicable to this contract, in so far as it pertains to the prosecution of the work herein specified.

"It is finally agreed that the second party to this contract shall have the right as such manager of said work to order and pay for any material not mentioned herein that may be necessary in properly prosecuting the work in this contract specified."

The work performed by appellant upon the building was under this contract, which he claims is a contract of employment only, while respondent claims that it is a contract of partnership. It is conceded that appellant would be entitled to a lien upon the property for his labor if he was working upon the building only as an employee of Gordon and White, and that he would not be entitled to a lien for his labor if he was working upon the building as a partner with Gordon and White. We are not here concerned with any lien any partnership of which appellant may be a member is entitled to. Indeed, if there be such a partnership, as is claimed by respondent, apparently nothing is due to it for the work. The problem for our solution then is, What is the nature of the contract above quoted? Did appellant thereby become a partner with Gordon and White, or only their employee?

The features of this contract which point to a partnership relation are: (1) Advancement of money by appellant to be used in the venture, without any provision for its repayment; (2) control of the business by appellant even exceeding that of Gordon or White; (3) equal allowance with Gordon and White for the personal service of appellant; (4) sharing in profits. If the contract did not contain the provision that "the said first party hereby employs said second party," there would seem to be no room whatever for arguing that a partnership relation was not created by the contract, so clearly do the features thereof above noticed indicate, when considered apart from this seeming employment provision. The legal relationship of the parties arising from the contract will not, however, be controlled by the mere name they may give to that relationship, except possibly in doubtful cases, but will be controlled by the substance of their contract and the mutual rights and obligations arising therefrom. 1 Lindley, Partnership (2d Am. ed.), 11; *Thillman v. Benton*, 82 Md. 64, 33 Atl. 485; *Poundstone v. Hamburger*, 139 Pa. St. 319, 20 Atl. 1054.

Counsel for appellant rely principally upon *Belch v. Big Store Co.*, 46 Wash. 1, 89 Pac. 174. In that case there was no money advanced by the employee to be used in the business; while in this case we find appellant advancing money to be used in the business, without any agreement for the return of his money from his associates as a loan to them. We are not able to find in this contract any agreement, express or implied, that would require his associates to repay at all events the money so advanced by appellant. His return of the money was contingent upon the business being successful, just as the return of the money of any partner risked in the partnership business is contingent upon the success of such business. This fact, especially when taken in connection with the other features of the contract we have noticed, it seems to us renders the relationship of appellant to Gordon and White one of partnership, notwithstanding the contract says appellant is employed by Gordon, White & Company. The following support this view: *Buford v. Lewis*, 87 Ark. 412, 112 S. W. 963; *Powell v. Moore*, 79 Ga. 524, 4 S. E. 383; *Cothran v. Marmaduke & Brown*, 60 Tex. 370; *Funck v. Haskell*, 132 Mass. 580; *Pratt v. Langdon*, 12 Allen 544; see note in 18 L. R. A. (N. S.) 975, 1047 (*Cudahy Packing Co. v. Hibon*, 92 Miss. 234, 46 South. 73).

The judgment is affirmed.

DUNBAR, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.