[S. F. No. 9000. In Bank.—January 4, 1921.]

MERVYN INVESTMENT COMPANY (a Corporation), Respondent, v. GEORGE V. BIBER, Appellant.

[1] PARTNERSHIP — AGREEMENT BETWEEN OWNER AND MANAGER OF APARTMENT HOUSE—ACQUISITION OF INTEREST BY MANAGER—TRANSFER OF BUSINESS BY OWNER TO CORPORATION—RIGHTS OF MANAGER.—Where an agreement between the owner of an apartment house and the manager thereof declared that they were partners and provided that when the indebtedness incurred by the owner in furnishing the apartments had been paid and the money

advanced by him in otherwise financing the business had been repaid out of the profits, the owner would convey to the manager a one-third interest in the business, and further provided that the owner could at any time assign all his rights in the business to a corporation which should be bound by all the terms and conditions of the agreement, the assignment by the owner of his interest to a corporation which accepted the transfer subject to all the terms and conditions of the agreement terminated the partnership relationship between the owner and the manager, but did not terminate the rights of the manager under the agreement to pay off the liabilities of the business from the profits and acquire a one-third interest therein freed from such liabilities.

[2] ID.—ASSIGNMENT OF INTEREST IN PARTNERSHIP—CONSENT OF REMAINING PARTNER—STATUS OF ASSIGNEE.—An assignee of a partner who accepts an assignment of the partner's interest subject to the terms and conditions of the partnership agreement and with the consent of the other partner, steps into the partnership shoes of his assignor.

[3] ID.—CORPORATION AS PARTNER.—A corporation can enter into a partnership if so authorized by its articles of incorporaton and charter.

[4] ID.—RELATIONSHIP OF PARTNER—ULTRA VIRES—BURDEN OF PROOF. A corporation which was organized for the purpose of taking over a partner's interest in a partnership business and which for a time through its board of directors operated the business conjointly with the remaining partner, has the burden of showing that its charter did not permit it to become a partner and that its attempt to create such a relationship was *ultra vires.*

[5] ID.—LACK OF AUTHORITY—LIABILITY AS PARTNER.—Where a corporation is without authority under its charter to form a partnership with another, it may be held liable as a partner to prevent injustice.

[6] ID.—PARTNERSHIP FOR FIXED TERM—WITHDRAWAL BY PARTNER— RIGHTS OF REMAINING PARTNERS.—While under section 2451 of the Civil Code a partner may withdraw from a partnership for an agreed and fixed term, such withdrawal does not terminate the partnership interests of remaining partners or deprive them of the right to carry out the articles of copartnership.

[7] ID.—SALE OF INTEREST TO STRANGER—CONTROL AND DISPOSITION OF ASSETS — APPOINTMENT OF RECEIVER.—If one partner sells his interest in the firm to a stranger, the right to the possession and control of the firm assets vests in the other partners, and a receiver may not be appointed in the absence of a showing of prejudice to retiring partners in permitting the remaining partners to liquidate the business.

[8] ID.—ACCOUNTING—GOVERNMENT BY PARTNERSHIP AGREEMENT.—
The accounting between partners is to be governed by the
partnership agreement.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Marcel E. Cerf, Judge.
Reversed.

The facts are stated in the opinion of the court.

Aitken & Aitken, Aitken, Glensor, Clewe & Van Dine and
R. H. Morrow for Appellant.

Milton A. Nathan and Crabbe & Webster for Respondent.

SLOANE, J.—The appellant and one Carl Werner were
associated in the business of conducting an apartment house
in the city of San Francisco.

Werner held a ten years' lease on the premises and had ad-
vanced money and incurred indebtedness for outfitting the
apartments and otherwise financing the business. The appel-
lant was operating the business and giving his entire time and
attention to its management.

The business was conducted for some months under an oral
agreement which was, on the 8th of March, 1913, reduced to
writing and duly executed by the parties.

The agreement recites that: "Whereas, the parties hereto
have been and now are engaged in the business of conducting
an apartment house on those certain premises located at 766
Sutter street, City and County of San Francisco, State of
California, commonly known and designated as the Lucerne
Apartments; and, Whereas, the said business has been financed
by the said Carl Werner, both by advances in money and by
the pledging of his financial credit; and, Whereas, since the
commencement of said business the said George V. Biber has
given his entire time and attention to the management of it;
Now therefore, it is agreed as follows":

The contract then declares: That the parties have been and
now are partners, and that they shall share in all profits and
losses of the business in the proportion of one-third by appel-
lant and two-thirds by Werner; that appellant shall devote
all his time to the business and shall receive as compensation
therefor one hundred dollars per month and the use of an

apartment; that the indebtedness of the business shall be paid out of such income and profits as may be available for that purpose, and that Werner shall receive out of the first profits available for that purpose the sum of $3,855.70, and some further sums, with interest, on account of money advanced by him to finance the business.

It is provided further that when said sums have been repaid, Werner shall immediately convey to the appellant Biber a "one-third interest in all the property of the said Lucerne Apartments, including one-third interest in the lease thereof and of the business itself."

After other details, not material here, it is provided that the party of the first part, Werner, may at any time assign to a corporation all his rights, title and interest in and to said apartment house and business, but that in the event of such transfer said corporation and the party of the second part, Biber, "shall be bound by all the terms and conditions of partnership herein contained."

The record discloses that within three weeks after the execution of this contract Werner made an assignment of all his interests in the partnership, and in and to the apartment house and lease, to the plaintiff corporation.

It appears that Werner organized this corporation, and it seems to be conceded that he organized it for the purpose of taking over the interests so conveyed, and that he held and owned substantially all the stock. The corporation accepted such transfer and assignment subject to all the terms and conditions set forth in the agreement between Werner and appellant and agreed to be bound thereby.

Thereafter Werner transferred all his stock in the corporation to one Jacoby, and at the time of the commencement of this action had no further interest in the apartment house or its business.

This suit was begun by the corporation, the respondent Mervyn Investment Company, which obtained a judgment adjudging the corporation to be the owner of the apartment lease, equipment, and business, subject to the rights of Biber accruing upon the completion of the payments under the original partnership agreement. It was further decreed that the assets of the partnership be sold and the proceeds be applied to payment of the remaining debts, together with the amounts advanced by Werner and claimed by plaintiff under

its assignment from Werner; and that any remaining amount be paid to plaintiff and defendant Biber in the proportion of two-thirds to the former and one-third to the latter; also a receivership was created to take charge of the business and carry out the judgment of the court.

It is from this judgment that the appeal is taken by defendant Biber.

The trial court, upon sufficient evidence, finds the facts substantially as herein stated, and further finds that the appellant was faithfully carrying out the terms of his contract; that the business was making a substantial profit; that the running expenses had been paid, as well as several thousand dollars of the indebtedness on Werner's credit; that appellant had not paid to Werner or to plaintiff the advances of money made by Werner in financing the enterprise. These payments were under the contract to be made only from available profits, and as the profits of the business had thus far been applied to other indebtedness incurred by Werner, there had not come into appellant's hands any money available to that purpose. It does not appear from the contract in what order payments were to be made as between the amounts due Werner for advances and the amounts due his creditors, but the latter claims had to be met to keep the business going and no question is made as to appellant's right to give preference to such claims. In short, there is nothing in the findings or in the evidence to indicate that there had been any default on the part of appellant in the faithful performance of the conditions of his contract.

There is nothing in the record tending to support the judgment other than the conclusion of the trial court that the copartnership between Werner and appellant terminated on the assignment by Werner of all his interest to the plaintiff.

[1] The assignment by Werner of his interest did undoubtedly terminate the partnership relation between Werner and Biber, but it did not terminate the right of Biber under the contract to pay off the liabilities of the business from the profits and acquire a one-third interest therein freed from these liabilities.

There is no express agreement under the contract that the partnership relation should continue for any given time. But the nature of the interest acquired thereunder by Biber, and the agreement that in the event of Werner selling out to a

corporation, the corporation was to accept the assignment subject to all the stipulated conditions established a mutual understanding that the business relations were to continue and Biber was to remain in control until the debts were paid from the profits. The rule laid down in 30 Cyc. 417 is applicable here: "Oftentimes the parties do not state their intentions explicitly. In such event the term of the partnership is a matter of inference from the contract provisions and surrounding circumstances. If the partnership has for its object the completion of a specified piece of work or the conduct of a business which obviously continues through a particular season, it will be presumed that the parties intended the relation should continue until the object had been accomplished."

In the absence of any failure of Biber to conduct the business at a profit, or to carry out his part of the agreement, he cannot be deprived of the rights so guaranteed.

There is no finding by the trial court as to the effect of the acceptance by the plaintiff corporation of the assignment and transfer by Werner, as agreed to by Biber, with the express stipulation that it would be "bound by all the terms and conditions of the contract." Under the terms of this agreement and transfer the corporation was to stand in Werner's shoes as a partner.

It is contended, however, on the part of respondent that the attempt to create such a relation was *ultra vires.*

In the first place, the contract between Werner and Biber was something more than the mere assumption of the business relations of partners. It was an agreement which vested in Biber the right to acquire a one-third interest in the assets of the business from its profits, and to conduct and manage it until from the proceeds he could receive that interest freed from existing debts and liabilities. Neither Werner nor his assigns could deprive him of this right by arbitrarily dissolving the partnership and shutting down the business. Conceding the right of Werner to withdraw from the partnership relation and the incapacity of respondent to enter into it, the property rights of appellant remained, and this right does not permit that the business be thrown into the hands of a receiver, sold at forced sale, and that he accept in satisfaction of his interest one-third of what was left, if anything, after all liabilities were paid out of the assets of the business itself instead of from its profits. If the respondent and its assignor,

from choice or legal necessity, withdrew from the partnership relation, through no fault of appellant, equity, if not the law, should protect him in his right to the fruits of his contract.

[2] It is not clear that the plaintiff did not consummate partnership relations with Biber. It accepted the assignment from Werner subject to precisely that condition and with Biber's consent. That under such conditions an assignee of one partner steps into the partnership shoes of his assignor is well recognized by the courts. (*Gorder* v. *Pankonin,* 83 Neb. 204, [131 Am. St. Rep. 629, 119 N. W. 449] ; Rowley's Modern Law of Partnership, p. 768; *Merrick* v. *Brainard,* 38 Barb. (N. Y.) 579; *Heck* v. *McEwen,* 80 Tenn. (12 Lea) 101; *Tyrrell* v. *Washburn,* 88 Mass. (6 Allen) 470.) [3] Conceding that ordinarily the assuming of such a relation would be *ultra vires* on the part of a corporation, we know of no reason why it could not enter into a partnership if so authorized by its articles of incorporation and charter. (*White* v. *Pecos L. & W. Co.,* 18 Tex. Civ. App. 634, [45 S. W. 207] ; *Bates* v. *Coronado Beach Co.,* 109 Cal. 160, [41 Pac. 855].)   Our Civil Code provides (section 286) that: "Private corporations may be formed for any purpose for which individuals may lawfully associate themselves."

[4] It appears here that this corporation was organized by Werner, and that he was the principal stockholder. It is alleged by appellant, and not disputed, that the corporation was organized for the purpose of taking over Werner's interest in this business. The corporation did, through its board of directors, assume to exercise this power and for a time operated the business conjointly with Biber. The burden should rest upon it under such circumstances to show that its charter did not permit such a contract. (*Belch* v. *Big Store Co.,* 46 Wash. 1, [89 Pac. 174].) It has not done this so far as this record discloses. [5] Even where a corporation is without authority under its charter to form a partnership with another, it may be held liable as a partner to prevent injustice. (1 Rowley's Modern Law of Partnership, secs. 193–197; *Cleveland Paper Co.* v. *Courier Co.,* 67 Mich. 152, [34 N. W. 556] ; *Boyd* v. *American C. B. Co.,* 182 Pa. St. 206, [37 Atl. 937].)

[6] It is not necessary to a decision of this case in appellant's favor that it should appear that plaintiff corporation became a partner with appellant upon Werner's transfer to it

of his interest. If it did become a partner it was not precluded from withdrawing from such partnership. Even where a copartnership is for an agreed and fixed term, any of the partners may withdraw. Section 2451 of the Civil Code provides that "a general partnership may be dissolved, *as to himself only,* by the expressed will of any partner, notwithstanding his agreement for its continuance." The words we have italicized, however, indicate that the partnership interests of remaining partners are not thereby to be terminated. One member of a partnership created for a designated term may not of his own volition dissolve the same, so as to deprive remaining partners of the right to carry out the articles, and courts may not decree a dissolution against the will of remaining partners without other causes justifying it. (*Ferrero* v. *Buhlmeyer,* 34 How. Pr. (N. Y.) 33.)

It is entirely clear that the plaintiff by accepting this assignment under the expressed conditions of the original contract is in no better condition than Werner would have been after a voluntary withdrawal from the partnership.

Biber was left in a position where under the law he was entitled to continue the business as a liquidating partner until the contractual conditions and liabilities were carried out. (*Miller* v. *Brigham,* 50 Cal. 615; *Page* v. *Summers,* 70 Cal. 123, [12 Pac. 120]; Civ. Code, sec. 2458 et seq.; *Crossen* v. *Murphy,* 31 Or. 124, [49 Pac. 858].)

The powers of remaining partners with respect to rights created pending the partnership remain after dissolution. (*Braun* v. *Woollacott,* 129 Cal. 107, [61 Pac. 801]; *Davis* v. *Megroz,* 35 N. J. L. 427, [26 Atl. 1009].)

[7] If one partner sells his interest in the firm to a stranger, the right to the control and disposition of the firm assets vests in the other partners. (30 Cyc. 664; *Reece* v. *Hoyt,* 4 Ind. 169; *Chase* v. *Scott,* 33 Iowa, 309; *Macdonald* v. *Trojan etc. Co.,* 56 Hun, 648, [10 N. Y. Supp. 91].) And a receiver may not be appointed in the absence of a showing of prejudice to retiring partners in permitting the remaining partners to liquidate the business. (*Painter* v. *Painter,* 4 Cal. Unrep. 636, [36 Pac. 865]; Bates on Law of Partnership, sec. 993.) [8] The accounting between partners is to be governed by the copartnership agreement (*Neudecker* v. *Kohlberg,* 3 Daly (N. Y.), 407). Although there is nothing in the findings or judgment fixing Biber's status as a liquidating

partner, he is recognized and referred to as such in the findings here. We think he was entitled to be so recognized and as such to remain in possession and control of the business, and to liquidate its obligations and liabilities and carry out the objects of the partnership under the terms of the original agreement.

The conclusions of law and the judgment of the court should have so determined under its findings of fact.

Upon the showing made here of entire faithfulness and good management of the business and that it was a going concern operated at a profit, there was no valid ground, in our judgment, either for ordering a forced sale of the property to liquidate its liabilities or for creating a receivership.

The judgment is reversed.

Lennon, J., Olney, J., Wilbur, J., Angellotti, C. J., Lawlor, J., and Shaw, J., concurred.