[Civ. No. 8592. Second Appellate District, Division Two.—September 4, 1934.]

CONSOLIDATED FURNITURE MANUFACTURERS (a Corporation), Respondent, v. ALFRED GOLDSTEIN, Appellant.

Daniel A. Knapp for Appellant.

Bicksler, Parke & Catlin for Respondent.

SCOTT, J., *pro tem.*—Plaintiff sued defendant for "balance due on open book account" for goods delivered by plaintiff's assignor to defendant. The answer was in effect a general denial. From judgment for plaintiff, defendant appeals.

Appellant contends that the evidence showed that plaintiff's assignor, Northwest Table Corporation and appellant, who was doing business under the fictitious name of Westland Import and Manufacturing Company, had entered into a partnership; that a proposed amended answer setting up the partnership relation should have been allowed by the court, and that judgment against him was erroneous because the action should have been for a partnership accounting and not for an open book account; and "if, as an alternative view, it be deemed the account was an agency account, is not the judgment vitally defective in that no proper credits are given to the agent and no proper balance struck?"

It appears that appellant wished to buy goods from the table corporation which the latter declined to sell to him because they expected to open a branch in this territory. After further negotiations appellant agreed to form a corporation which would handle the sale of such goods, and the stock of which would be divided, with 49 per cent going to appellant and 51 per cent going to the table corporation so that the latter would have the controlling interest. The evidence indicated that on the strength of appellant's promise to form such a new corporation, the table company shipped goods to him which he received and sold, without taking any steps toward fulfilling his promise. After his dealings resulted in a loss and this case was ready for trial, appellant advanced the view that because of the proposed incorporation the relationship of the table corporation to him was that of a partner. It is not claimed that there was an express oral or

written partnership agreement, but appellant contends that it must be inferred from the acts and words of the parties. He placed especial reliance on a letter received from the table corporation written to him after the company experienced difficulty in collecting their account, offering to share the loss which he had incurred on condition that he pay the balance of his account with them.

A corporation cannot lawfully enter into a copartnership agreement with an individual unless expressly empowered to do so by the terms of its charter. (*McTigue* v. *Arctic Ice Cream Supply Co.*, 20 Cal. App. 708 [130 Pac. 165]; *Fee* v. *McPhee Co.*, 31 Cal. App. 295 [160 Pac. 397]; *Bates* v. *Coronado Beach Co.*, 109 Cal. 160 [41 Pac. 855].) It has been intimated that a corporation thus incapable of becoming a partner may bind itself by contract for a joint adventure, the purposes of which are within those of the corporation (*Keyes* v. *Nims*, 43 Cal. App. 1 [184 Pac. 695]); and even where a corporation is without authority under its charter to form a partnership with another, it may be held liable as a partner to prevent injustice. (*Mervyn Inv. Co.* v. *Beber*, 184 Cal. 637, 643 [194 Pac. 1037].)

In this case the trial court was justified in concluding that appellant induced the table corporation to ship him goods as a customer on his assurance that he would go ahead and form a corporation; and in further concluding that no partnership arrangement was agreed upon or existed, and in refusing by reason of these facts to allow appellant to file the proposed amended answer.

The position in which appellant voluntarily placed himself contrary to his express agreement and against the wishes of the table corporation was one in which he could receive and retain the entire profits which he expected from the enterprise. When it became apparent that the venture was not profitable the appellant could not abandon the position he had voluntarily assumed, and the trial court was justified, in view of the evidence, in permitting respondent to present its case on the theory that no partnership existed and that the action brought was appropriate.

As to the other questions raised by appellant, they are matters in which the findings of the trial court are conclusive, having been made on conflicting evidence. Where two or more inferences may reasonably be deduced from

the evidence this court may not substitute its deductions for those of the trial court. (*Wilbur* v. *Wilbur*, 197 Cal. 1 [239 Pac. 332] ; *Perham* v. *First Nat. Bank*, 87 Cal. App. 224 [261 Pac. 1064].)

Judgment affirmed.

Craig, Acting P. J., and Desmond, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 1, 1934.