[No. 9382. Department One. — July 12, 1886.]

## J. N. PAGE ET AL., APPELLANTS, v. G. M. SUMMERS ET AL., RESPONDENTS.

LOCATION OF MINING CLAIMS— AGREEMENT FOR — RIGHTS OF PARTIES AFTER DISSOLUTION — TRUST. — Where an agreement providing for the prospecting and location of mining claims for the benefit of all the parties thereto is dissolved by mutual consent, neither of the parties is under any obligation to the others to perfect locations commenced in pursuance of the agreement; and subsequent locations covering the same ground made by some of them are not held in trust for the others.

APPEAL from a judgment of the Superior Court of Mono County, and from an order refusing a new trial.

On the 15th of April, 1881, the plaintiffs and the

defendant Young entered into a contract for the purpose of prospecting for and locating mines in the Patterson Mining District in Mono County, California. The contract remained in force until the 12th of May, 1881, when it was terminated by mutual consent. Immediately after the execution of the contract, Frost and Young, two of the parties thereto, discovered a mineral vein in the mining district, and on or about the 27th of April, 1881, located a claim thereon known as the "Kentuck." The notice of location named the plaintiff Page and the defendant Young as the locators. On the 5th of May, 1881, they located another claim on the vein, the notice of location of which named Page, Frost, and another of the prospecting party as the locators. From the 27th of April, 1881, to the 19th of May, 1881, Frost and Young worked continuously upon the latter claim. On the 14th of May, 1881, while Frost and Young were at work upon the Kentuck claim, they tore down the notice of location of April 27, 1881, and substituted another notice, claiming the same ground, signed by G. M. Summers and Matt. Young as locators, and designating the claim as the "May Bell." On the 19th of May, 1881, they tore down the notice of location of May 5, 1881, and substituted another therefor, signed by J. N. Summers and Frost as locators, and designated the claim as the "Georgie Howell." The action was brought to determine the rights of the parties in the several locations, and to compel conveyances in accordance therewith. The complaint alleged that the defendants G. M. and J. N. Summers had notice of the prospecting agreement, and of the work done thereunder. The defendants claimed title under the "May Bell" and "Georgie Howell" locations. Judgment was rendered in favor of the defendants. The further facts are stated in the opinion of the court.

*Stewart & Herrin, H. L. Gear, Robert M. Clarke,* and *J. A. McQuaid,* for Appellants.

*Bennett & Reddy,* for Respondents.

McKINSTRY, J. — The court below found "that on the twelfth day of May, 1881, the said J. H. Page withdrew from the said prospecting company, and the said prospecting company *was dissolved, and the said prospecting agreement was terminated between all the parties thereto.*"

It is insisted by counsel for appellants that the parties to the prospecting contract were *partners,* or at least occupied a fiduciary relation toward each other like that existing between partners. That it was the duty of Frost and Young to complete the defective locations commenced before the dissolution; and that the subsequent locations made by Frost and Young should be treated precisely as if they were the completion of their prior attempted locations. That neither Frost nor Young could get rid of his obligation to complete the original locations by removing the original notices and posting others, and marking the boundaries of the claims asserted in the notices last posted. Further, that G. M. and J. N. Summers, who took with notice of the prospecting agreement, should be held as trustees.

Where a partnership has contracted engagements which cannot be fulfilled during the time limited for its existence, the partnership continues for the purpose of performing such outstanding engagements, and of taking and settling all accounts, and converting the property, means, and assets of the partnership existing at the time of its dissolution, and for these purposes, the authority of each member of the firm remains the same after as before the dissolution. (*Robbins* v. *Fuller,* 24 N. Y. 570; *Murray* v. *Mumford,* 6 Cow. 441; *Western Co.* v. *Walker,* 2 Iowa, 504.)

The interest of the parties herein in the completion of the defective locations ought not to be estimated by reference to events which happened after the termination of the agreement, even if it appeared that the rights acquired by the subsequent locations were valuable. The

agreement was made in Mono County, the mines located were within that county, and for aught that appears, all the parties to the agreement resided there. There is no finding of the concealment of any fact from the plaintiffs. It must be presumed that, with full knowledge of the existing conditions, all parties to the agreement terminated it, and dissolved the contractual relations arising from it. Page, Fulmore, and Blake may have concluded that the ground was valueless, or that it would be fruitless to complete the locations, or to expend money in developing them. Whatever motive may have influenced them, they saw fit to dissolve the company and end the agreement and enterprise. It may be conceded that the parties to the prospecting contract might, had they deemed it for their interest to do so, have completed the locations previously commenced within a reasonable time, and that they would have been protected during such reasonable time from the interference of third persons. But it was for them to determine whether it was advisable to complete the locations or abandon them.

None of them had contracted an obligation with the government or with any third person to be performed after May 12, 1881. No duty remained with any of them to acquire property not contracted for prior to the dissolution; they had acquired no inchoate interest in property which they were under obligation to complete notwithstanding the dissolution. The plaintiffs (other than Frost) could not have been compelled to take a conveyance of aliquot portions of the ground subsequently located, nor were they liable to the actual locators for part of the cost of making the subsequent locations, nor subject to pay any part of the expense for work done under such locations. It may be added: the court below found that Frost and Young removed and destroyed the original notices. It does not appear but this was done *after* the dissolution of the agreement;

nor does it appear but it was done with the knowledge and consent of the other plaintiffs.

There are reasons, not necessary to mention, why (independent of the termination of the prospecting contract) none of the plaintiffs could demand a decree for a conveyance of any portion of the Georgie Howell, — located by Frost; why Frost is not entitled to any relief; why neither Frost nor Blake could enforce the agreement as against any of the mines located; reasons, also, why in any event the defendants G. M. and J. N. Summers would hold two thirds of the May Bell and one half of the Kentuck free from any trust.

Judgment and order affirmed.

Myrick, J., and Ross, J., concurred.