[S. F. Nos. 3963, 3967.  In Bank.—May 27, 1905.]

J. T. LAMB, as Trustee in the Matter of J. H. Corcoran, a
Bankrupt, Respondent in No. 3963, and Appellant in No.
3967, v. F. E. HALL, Appellant in No. 3963, and J. A.
ADAIR, and C. F. ADAIR, Respondents in No. 3967.

ACTION BY ASSIGNEE IN BANKRUPTCY—LEASE BY BANKRUPT—POSSESSION
OF SALOON PREMISES.—In an action by the assignee in bankruptcy
of the lessee of hotel premises to recover the possession against
third parties of saloon premises connected therewith, where no fraud
is charged, such assignee stands in the shoes of such lessee, and
cannot recover, where the lessee himself had no right of recovery
against such third parties.

ID.—POSSESSION OF SALOON PREMISES MADE A PARTNERSHIP ASSET—
AGREEMENTS BY LESSEE.—Where the lessee of the hotel premises
had, prior to the bankruptcy, in good faith for a valuable consid-
eration, covenanted with a third party for possession and use of
the saloon premises as a partner therein for the full term of the
lease, thereby making such possession and use a partnership asset,
and had for a valuable consideration sold all his interest in the bar,
fixtures, and liquors to another person, who had become a partner
therein, the assignee in bankruptcy cannot recover the possession of
the saloon premises.

ID.—EFFECT OF SALE OF INTEREST IN PARTNERSHIP ASSETS.—When the
lessee of the hotel sold his interest in the bar, fixtures, and liquors,
he ceased to be a member of the saloon firm, and if no right of pos-
session of the saloon premises passed to the assignee, by such sale,
it vested exclusively in the former partner of such lessee, and when
he accepted such assignee as a partner the new firm succeeded to
all the rights of the former firm to the use and possession of the
saloon premises.

ID.—APPEAL BY ASSIGNEE OF LESSEE—SERVICE OF NOTICE—PARTNERS
HAVING JUDGMENT FOR COSTS.—Upon appeal by the assignee of the
lessee from a judgment against him for possession of the saloon
premises, he was not required to serve the notice of appeal upon
former partners of the lessee, in whose favor judgment had been
rendered for costs.  They would not be affected by a reversal of
such judgment.

ID.—ERRONEOUS JUDGMENT FOR POSSESSION — STRENGTH OF TITLE —
RIGHT OF POSSESSION OF ASSIGNEE OF LESSEE.—The assignee in
bankruptcy must recover upon the strength of his own title, and
not upon a weakness of the original title of the assignee of the
lessee, as not including a right of possession of the saloon prem-
ises, where such right of possession became vested in him as an
accepted partner of one entitled ·thereto, before the service of
notice to quit.

APPEALS from a judgment of the Superior Court of Mariposa County and from orders denying a new trial. J. J. Trabucco, Judge.

The facts are stated in the opinion of the court.

John A. Wall, for J. T. Lamb, as Trustee, etc., Respondent and Appellant.

Congdon & Congdon, and J. A. Adair, for F. E. Hall, Appellant, and for J. A. Adair, and C. F. Adair, Respondents.

BEATTY, C. J.—These are two appeals in the same action upon separate and, in some particulars, different records, but they have been argued, and may be conveniently considered, together. The litigation arises out of the same transactions partially detailed in the opinion just filed in the case of *Lamb, Trustee, etc.,* v. *Hall* (S. F. 3927, *ante,* p. 37). That was an action to set aside a bill of sale of certain personal property described as ''The Corcoran House bar, liquors and fixtures,'' on the ground that it was a fraudulent attempt on the part of an insolvent debtor to give an undue preference to one of his creditors. This is an action against the occupants of the premises where the saloon business is conducted to recover possession of property described in the complaint as ''the saloon premises (including the card-rooms and store-rooms) known as the Corcoran House bar or saloon,'' etc. The defendant Hall resists the claim of the plaintiff to the right of possession upon the ground that it was lawfully transferred to him by the bill of sale of December 12, 1902, and the defendants Adair claim a transfer of the right of possession to them by other instruments in writing evidencing a sale of a half-interest in the saloon business and an agreement of partnership for a definite term. In the action against Hall for an accounting of the personal property described in the bill of sale (S. F. 3927) the question whether that instrument would, if *bona fide,* have transferred any right of possession in the saloon premises did not arise, the case turning not upon its construction, but upon its validity for any purpose. In this case the *bona fides* of that transaction is not questioned, but the theory of the complaint as against all the defendants

is, that the various bills of sale and agreements upon which their respective claims to the possession of the premises are founded could have no effect, conceding their perfect validity, except to transfer the personal property in the bar, that the defendants were mere tenants at will of the saloon premises, and that the plaintiff by giving them a proper notice to quit after his appointment as trustee in the matter of Corcoran's bankruptcy became entitled to the possession before the commencement of the action.

The cause was tried in the superior court without a jury, and upon very full findings of fact a judgment was rendered in favor of the plaintiff against the defendant Hall for possession of the premises, and in favor of the defendants Adair for their costs of suit. The plaintiff moved for a new trial of the issues found against him, and Hall moved for a new trial of the issues as to which the findings were adverse to him. Both motions were denied, and plaintiff appeals from the judgment against him and the order denying his motion for a new trial (No. 3967), while defendant Hall appeals from the judgment against him and from the order denying his motion for a new trial (No. 3963).

All questions of any real importance involved in both appeals may be disposed of in considering plaintiff's appeal from the order denying his motion for a new trial of the issues found in favor of the Adairs. Upon these issues there was a general finding to the effect that they, as sublessees of Corcoran or as assignees of his term, were lawfully in possession of a portion of the premises for the full period of the original demise to him. This general finding was based upon more specific findings to which it refers, and is rather a conclusion of law than a finding of fact. As such it might, perhaps, be more properly reviewable on the appeal from the judgment than on the appeal from the order, but it has been treated in the argument as a matter pertaining to the appeal from the order, and as the question is of no practical consequence in this case we proceed on that assumption.

There is no conflict in the evidence as to the probative facts, specially found, and all that are material may be stated as follows: In September, 1901, the Mariposa Commercial and Mining Company leased to J. H. Corcoran for a term of ten years a certain lot in the town of Princeton (post-office name

Mt. Bullion), Mariposa County, with covenants on the part of Corcoran to pay a rent of sixty dollars per annum, to erect prior to April, 1902, a hotel with at least forty rooms, and to conduct and maintain it as a decent and orderly hotel, he to have privilege of purchase during the term, or of removing his improvements at the end thereof. In pursuance of this lease Corcoran took possession of the premises, and erected, and in January, 1902, opened, the hotel. What is known as the saloon premises consisted of a bar-room, card-rooms, and store-rooms on the first floor of the hotel, all of which were used in the conduct of the bar or saloon business. April 6, 1902, he executed in writing an agreement, reciting that it had been entered into January 8, 1902, as follows:—

"That the said party of the first part, for and in consideration of the sum of fifteen hundred dollars lawful money of the United States to him paid, does hereby sell to the aforesaid J. A. Adair an undivided one-third interest in and to the saloon business to be henceforth conducted and carried on in the town of Mt. Bullion at the hotel there erected and conducted by the party of the first part hereto for the period of ten years from the first day of January, 1902. The said party of the second part to share one third of the profits, if any there be, from said business, and to bear one third of the expense of conducting said saloon business, also to be responsible for one third of the liquors and cigars to be purchased for said business during the existence of this contract. It is also understood and agreed to by the parties to these presents that if the party of the first part sells or disposes of his interest in and to the hotel known as the Corcoran House, in the town of Mt. Bullion, county of Mariposa, state of California, in which said saloon business is to be conducted that the party of the second part is to receive for his interest such proportion of the purchase price that is received for said property as may be agreed on by the parties hereto, or if not agreed upon to be settled by three disinterested parties, one to be selected by each of the parties hereto, these two to select a third party, their decision to be binding upon both parties."

In October, 1902, J. A. Adair assigned to his brother, C. F. Adair, all his interest under this agreement. A few days previous to this assignment Corcoran had made and delivered to C. F. Adair the following agreement:—

"Know all men by these presents: That J. H. Corcoran, of Mariposa County, state of California, the party of the first part, for and in consideration of the sum of one thousand dollars, gold coin of the United States of America to him in hand paid by C. F. Adair, of Mariposa County, state of California, the party of the second part, the receipt whereof is hereby acknowledged, does by these presents grant, bargain, sell, and convey, unto the said party of the second part, his executors, administrators, and assigns, one undivided one-sixth interest in and to the saloon business now being conducted in the Corcoran House in the town of Mt. Bullion, county of Mariposa, state of California, together with a one undivided one-half interest in and to the saloon fixtures and furniture, including chairs, mirror, cash register, clock, bar, back bar, glasses, bottles, and all and everything used in connection with the saloon, also a one-half interest in and to the two slot machines, together with the use of the bar-room, card-room, and store-rooms now in use in connection with said saloon, said interest in said business to continue for the balance of the period now covered by the lease to the party of the first part from the Mariposa C. and M. Co.  To have and to hold the same to the said party of the second part, his executors, administrators, and assigns forever.  And I do, for my heirs, executors, administrators, covenant and agree with the said party of the second part, executors, administrators, and assigns to warrant and defend the sale of the said property, goods, chattels hereby made unto the said party of the second part, his executors, administrators, and assigns, against all and every person and persons whomsoever lawfully claiming or to claim the same."

Subsequently C. F. Adair assigned all his interest to J. A. Adair.  It is not found when the Adairs went into possession under these agreements, but it appears from the uncontradicted testimony of J. A. Adair that he had been in possession ever since February 11, 1903, the date of his brother's reassignment to him.  Meantime, on December 12, 1902, Corcoran had executed and delivered to defendant Hall the following bill of sale:—

"MT. BULLION, Dec. 12, 1902.

"This is to certify that I have this day sold and transferred to F. E. Hall all my right, title, and interest in and

to the Corcoran House bar, liquors, and fixtures for and in
consideration of $1000.                   J. H. CORCORAN.

"Witness.   GEO. SCHLUSEN."

And Hall had gone into possession of the premises a day
or two later.   April 6, 1903, while Hall and C. F. Adair were
jointly in possession of the premises, plaintiff served them
with notice to quit and deliver possession to him at the end
of thirty days, and upon their refusal commenced this action.
The question upon plaintiff's appeal is whether upon these
facts that defendants Adair were rightfully in possession of
the demanded premises when the action was commenced.

There is no question in this case as to the regularity and
good faith of the various dealings between Corcoran and the
defendants, and so far as the Adairs are concerned there has
never been any suggestion of fraud or unfairness on their
part in any of the proceedings above detailed.   The plaintiff,
therefore, as representative of Corcoran's creditors, has no
right as against the defendants, or either of them, except such
as Corcoran might have transferred to him by a voluntary
assignment.   He stands in Corcoran's shoes, and can recover
only what Corcoran himself could have justly claimed to
recover from the defendants if he had never become bank-
rupt or insolvent, and we think that upon a bare statement of
the case it is too plain for argument that after his agreement
with the Adairs, Corcoran could not have turned C. F. Adair
out of possession of the saloon premises at any time prior to
December 12, 1902, when he transferred his remaining inter-
est in the saloon to Hall, because up to that time C. F. Adair
was by virtue of their agreement his equal partner in the
business, and the right to occupy the premises for the pur-
poses of the business during the remainder of his term was by
virtue of the same agreement a partnership asset.   After his
bill of sale to Hall and the consequent dissolution of the part-
nership he had no longer even a joint right of occupancy of
the premises.   That right vested exclusively in C. F. Adair
for the purpose of closing the partnership business and pay-
ing over his share of the surplus to Hall, or he could, as he
did, accept Hall as a partner in place of Corcoran, retaining
the use of the saloon as an asset of the new firm.

It is not necessary to determine the true construction and
effect of the original agreement of April, 1902, between Cor-

coran and J. A. Adair. It was assigned the following October to C. F. Adair, and coupled with his separate agreement with Corcoran entered into about the same time constituted him an equal partner of Corcoran in the saloon business for the full term of his lease, and transferred to the firm and its successors the right to the exclusive use of the bar, card-rooms, and store-rooms for and during the same term. The contention of the appellant that the agreement of October, 1902, between Corcoran and C. F. Adair is invalid as a sublease or assignment because of failure to comply with the statute of frauds cannot be sustained. The writing contains everything essential to a transfer of the saloon premises to the partnership for the remainder of Corcoran's term, at least as between Corcoran and his assigns and the partnership and its successors.

The fact that the lease from the mining company to Corcoran was listed as, and in fact was, an asset which passed to his trustee in bankruptcy does not affect this conclusion. His lease of the lot and hotel was a valuable asset, qualified though it was by the right which he had sold to others for a valuable consideration to occupy a portion of the premises during his entire term for the purpose of conducting the saloon business.

The plaintiff seems to rely, as an argument against the finding in favor of the Adairs, upon the fact that he, as Corcoran's assignee, is compelled to pay the annual rent reserved to the lessor of the hotel premises, while they have the use of the bar rent free. There is nothing incongruous in this. They paid in the beginning a lump sum for the use of the bar during Corcoran's term, and it became his duty to perform all the covenants of his lease necessary for their protection in the enjoyment of the right which he had transferred to them for an adequate consideration.

There is no error in the judgment in favor of the Adairs, and none in the order denying plaintiff's motion for a new trial.

What has been said in regard to the plaintiff's appeal leaves but little to be added in disposing of the appeal of the defendant Hall. It is necessary in the first place, however, to consider briefly the motion of plaintiff to dismiss Hall's appeal on the ground that neither his notice of motion for

new trial nor of appeal was served on the Adairs, or either of them. Such service was not necessary. The change in the findings and the modifications of the judgment which Hall sought by his motion and asks on this appeal can be granted without any adverse effect upon the Adairs. The reversal of the judgment will not prevent their recovery of costs, and the award of a new trial of the issues found adversely to Hall will leave the findings in favor of the Adairs in full force as well as that portion of the judgment which is based upon them.

Coming to the merits of the appeal, we think the court erred in denying a new trial. The finding or conclusion that the plaintiff had the right of possession as against Hall seems to have been based solely upon the view that the bill of sale of December 12, 1902, from Corcoran to Hall transferred no right of possession of the realty. This may be so, but it is not conclusive of the right to the possession. In this action the plaintiff cannot recover on the weakness of the defendant's title; he must show a right in himself. The right of possession of the demanded premises was in the firm or partnership of Corcoran and C. F. Adair, and when Corcoran sold his interest in the partnership assets he ceased to be a member of the firm, and if no right of possession passed to Hall it vested exclusively in Adair, who, as the evidence clearly shows, had accepted Hall as a partner before the notice to quit was served. The new firm succeeded to all the rights of the former partnership, and as a member of the firm Hall's possession was lawful.

The portion of the judgment and the order from which plaintiff has appealed are affirmed. The portion of the judgment and the order from which defendant Hall has appealed are reversed and the cause remanded.

Van Dyke, J., Shaw, J., Angellotti, J., Lorigan, J., and Henshaw, J., concurred.