[Civ. No. 12162. Second Appellate District, Division One.—December 26, 1940.]

LOUIS KAVANAGH, Appellant, v. R. C. WADE et al., Defendants, CHARLES C. AKIN et al., Respondents.

Elmer P. Delany for Appellant.

Fleming & Robbins and C. S. Tinsman for Respondents.

DORAN, J.—This is an appeal from a judgment dismissing plaintiff's action as against respondents after their demurrers to the second amended complaint herein were sustained without leave to amend.

The second amended complaint in question contains two counts, the first for damages as the result of an alleged conspiracy to fraudulently deprive plaintiff of his money and certain shares of stock, the second in the form of a common count for money had and received. Respondents demurred to both counts, respondent Thomas Akin, sued herein as "First Doe", demurring separately, all on the same grounds, to wit: That the first count does not state a cause of action against respondents; that said count is uncertain, ambiguous and unintelligible for specific stated reasons; that said count contains three causes of action not separately stated and that it is barred by the statute of limitations; that the second count fails to state a cause of action against these respondents and that it is barred by the statute of limitations. The order sustaining respondents' demurrers did not set forth the grounds upon which they were upheld.

The following appears from the allegations contained in the first count of said complaint:

That on or about the 30th day of June, 1933, plaintiff (appellant) opened a margin account with one of the defendant brokerage firms; that defendants Wade and Kavanagh were in the employ of said firm and that defendant Wade was appointed by said firm to handle appellant's margin account. That on or about June 28, 1933, defendant Wade, without the knowledge or consent of appellant, transferred said margin account to respondent Akin-Lambert Company, a brokerage firm consisting of respondents Charles C. Akin and G. C.

Lambert, doing business in the city of Los Angeles, and after having so transferred the account defendant Wade, on the same day, represented to appellant that the transfer was necessitated by the Corporate Securities Act of 1933, which representation was false. That defendant Wade forged appellant's signature to a brokerage contract with respondent Akin-Lambert Company, which contract provided that all statements and confirmations pertaining to said account were to be forwarded to defendant Wade; that defendant Kavanagh signed said contract as a witness. That appellant allowed said account to remain with respondent Akin-Lambert Co. because of the trust and confidence appellant reposed in defendants Wade and Kavanagh and because of reliance upon the representations alleged to have been made to appellant by said defendants.

It is alleged in said complaint that defendant Kavanagh represented himself to be appellant, drew on said margin account and depleted the same. It is also alleged that respondent Akin-Lambert Company knew that defendant Kavanagh was not appellant; that said respondent delivered checks to said defendant payable to appellant; that said defendant forged the endorsement of appellant to said checks and that said respondent knew the endorsements were forged. It is also alleged that defendant Kavanagh was an associate of and assistant to defendant Wade, and that during the time covered by the complaint defendants Wade and Kavanagh were in the employ of various brokerage firms, all of whom are named as defendants. That on June 17, 1935, respondent Akin-Lambert Company sold out appellant's said account without notice to appellant and without call for further margin, and that no accounting for the funds and stock in said account has ever been made to appellant. It is alleged that at various times from June, 1933, up to and including August, 1937, defendant R. C. Wade falsely and fraudulently, and with intent to defraud appellant, represented to appellant that his investment was safe and sound, that said account was in good order; that only defendant Wade was to have dealings with respondent Akin-Lambert Company; and that said Wade made other specified representations and concealed the true state of said account from appellant. False representations are also attributed to defendant Kavanagh.

The allegation of conspiracy reads as follows: ''That plaintiff is informed and believes, and therefore alleges that de-

fendants R. C. Wade, Kenneth ,M. Kavanagh, Akin-Lambert Company, Charles C. Akin and G. C. Lambert corruptly confederated, agreed and conspired together to fraudulently deprive plaintiff of his stocks and money; that in furtherance of this conspiracy the aforesaid representations and acts were made and performed; that said representations were false in fact and known to be false by the said defendants at the time they were so made; that by reason of the said conspiracy and the false representations and acts made and performed in furtherance thereof, plaintiff was damaged as hereinafter set forth; that in furtherance of the said conspiracy the following representations and acts were made and performed, . . . ''. Then follows a list of representations and acts, most of which have already been mentioned above.

The complaint also states in effect that respondent Akin-Lambert had the means to discover the forgery of appellant's name to the brokerage contract above referred to.

It should also be noted that it appears from the complaint that said respondent firm made periodic statements to defendant Wade as to the margin account in question; that various calls for additional margin were made and that appellant responded to these calls with additional payments; that at no time did appellant have any dealings directly with respondents. The complaint also alleges facts, which, if true, reveal the transfer of appellant's account as above mentioned to have been in violation of the rules of the Los Angeles Stock Exchange and charge said respondent firm with knowledge of said violation.

As to respondent Thomas Akin, sued herein as ''First Doe'', the complaint merely alleges in the first count that said respondent knew defendant Kavanagh was not appellant, but fails to show any connection between said respondent's knowledge in this respect and the alleged cause of action. ''First Doe'' is alleged to be a partner in the ''White Company'', a fictitious firm name, which firm is not again mentioned in the first count of said complaint, nor do any of the allegations of the said first count show the connection of said firm with the acts complained of therein. It is obvious that respondent Thomas Akin's demurrer as to the first count of said complaint was properly sustained.

As to the other respondents, it appears affirmatively that none of the representations alleged were made by them, since, as seen above, it is alleged that appellant had no deal-

ings with said respondents, copartners under the firm name of Akin-Lambert Company. All said representations appear to have been made by defendants Wade and Kavanagh.

From the allegations set forth in the first count of said amended complaint it must be concluded that either defendants Wade and Kavanagh were acting as the agents of appellant in the handling of his margin account, or that defendant Wade was such an agent and defendant Kavanagh was his servant and assistant in the matter; and that the agency created by Wade with the respondent firm of Akin-Lambert Company was not authorized by Wade's principal, appellant. The subsequent apparent ratification of the transfer of appellant's account to said respondent firm, based, as it is alleged to be, upon a fraudulent representation, could be of no effect in creating any such authority, under the circumstances alleged in the said amended complaint.

It is to be noted that, aside from accepting the margin account in apparent violation of the rules of the Los Angeles Stock Exchange, the only acts which appear from the complaint to be chargeable to respondents are acts of omission in failing either to detect the fraud of defendants Wade and Kavanagh or to report the same to appellant. In this connection, the position of respondent firm as the unauthorized agent of appellant's agent should be borne in mind. "If an agent employs a subagent without authority, the former is a principal and the latter his agent, *and the principal of the former has no connection with the latter.*" (Sec. 2350, Civ. Code.) (Italics added.) "A mere agent of an agent is not responsible as such to the principal of the latter." (Sec. 2022, Civ. Code.) Any liability of respondents for such omissions or failures presupposes a duty on their part to act in the matter. The sections of the Civil Code quoted above negative any such duty on the part of respondents in the present instance, and no action for deceit would lie against respondents in this regard. "The suppression or concealment of a fact is only actionable when done 'by one who is bound to disclose it'." (*Fink* v. *Weisman,* 129 Cal. App. 305, 318 [18 Pac. (2d) 961].) (See Civ. Code, sec. 1710, subd. 3.) The amended complaint herein does not allege that any such acts or omissions were done wilfully by respondents. For the same reason, appellant could have no cause of action against respondents for the alleged violation of the rules of

the stock exchange. Unless the allegations of conspiracy alone are sufficient to charge respondent firm and its members with a liability to appellant, the said first count fails to state a cause of action as against these respondents.

As may be seen above, the facts set forth by appellant in support of his charge of conspiracy are not such as would support a charge that they were wrongful, as far as these respondents are concerned, and in the absence of a showing of facts which, if true, would support such a charge the bare allegation that the defendants entered into a conspiracy to defraud the plaintiff and that the various acts narrated were done for the purpose of defrauding the plaintiff is not a sufficient averment of fraud. (*Moropoulos* v. *C. H. & O. B. Fuller Co.*, 186 Cal. 679, 683 [200 Pac. 601].) It should also be pointed out that it appears from the said amended complaint that respondent firm fully discharged its duties in the handling of said margin account as the agent of defendant Wade.

It follows, therefore, that the first count of the second amended complaint herein fails to state a cause of action against respondents Akin-Lambert Company, Charles C. Akin and G. C. Lambert, as well as against respondent Thomas Akin, and that said respondents' demurrers to said count were properly sustained.

Appellant contends that the trial court abused its discretion in denying leave to plaintiff to amend his complaint. The complaint to which the demurrers were sustained without leave to amend was the second amended complaint. It does not appear that leave to amend further was asked. In such a situation it may not be claimed that it was error not to grant further leave to amend. (*Davis* v. *Rite-Lite Sales Co.*, 8 Cal. (2d) 675, 683 [67 Pac. (2d) 1039].)

The second count of said complaint, being in the form of a common count, is good as against a general demurrer, *Pike* v. *Zadig*, 171 Cal. 273 [152 Pac. 923]; and see cases cited in 3 Cal. Jur. 387, note 4; and since it does not affirmatively appear upon the face of said count, the bar of the statute of limitations cannot be raised by demurrer thereto.

Respondent claims that said second count is admittedly based upon the same facts as count one. However, such an admission does not appear in the record or in appellant's brief and there is nothing in the allegations of the second

count to show that it is so based. It is not possible therefore to assume on this appeal that such is the case.

The court erred in sustaining respondents' demurrers to the second count of said complaint herein.

For the foregoing reasons the judgment is reversed and the trial court is directed to enter an order sustaining the demurrers to plaintiff's first cause of action herein without leave to amend and overruling the demurrers as to plaintiff's second cause of action, with a reasonable time allowed defendants to answer said second cause of action.

York, P. J., and White, J., concurred.